# EXHIBIT B

1 MICHAEL D. BRUNO (SBN: 166805)
ALYSON S. CABRERA (SBN: 222717)
2 GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
3 San Francisco, CA 94111
Telephone:  (415) 986-5900
4 Facsimile:  (415) 986-8054
mbruno@grsm.com
5 acabrera@grsm.com

6 Attorneys for Defendant
STANFORD HEALTH CARE
7

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 COUNTY OF SANTA CLARA

| | |
|---|---|
| DOE #1400, | CASE NO. 24CV446393 |
| Plaintiff, | **DEFENDANT'S ANSWER TO CORRECTED FIRST AMENDED COMPLAINT FOR MONEY DAMAGES AND CIVIL PENALTIES UNDER THE UNRUH CIVIL RIGHTS ACT** |
| vs. | |
| STANFORD HEALTH CARE, and DOES 1-50, inclusive, | |
| Defendants. | Complaints Filed<br>Complaint: September 3, 2024<br>First Amended: November 4, 2024<br>Corrected First Amended: November 20, 2024 |

DEFENDANT STANFORD HEALTH CARE ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff DOE #1400 ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally and specifically denies each and every allegation contained in Plaintiff's Complaint and each and every alleged cause of action therein, and further denies that Plaintiff is entitled to any of the relief requested or in any other amount or at all, that Defendant committed any wrongful conduct or omission, whether alleged or otherwise, and that conduct or omissions by Defendant caused any injury or damage to Plaintiff in the sum or manner alleged, or in any other sum or manner, or at all.

-1-
ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

Defendant further alleges the following separate and affirmative defenses to each and every cause of action alleged in the Complaint. By alleging the defenses set forth below, Defendant does not thereby agree or admit that it has the burden of proof, persuasion, or production with respect to any elements of any defense, or that Plaintiff has properly asserted any cause of action against Defendant.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable state and federal statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Defendant alleges that Plaintiff has failed to exercise reasonable care and diligence to mitigate his damages, if any, and is therefore barred from recovering such damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation)**

Defendant alleges that it reasonably accommodated Plaintiff to the extent required by applicable laws and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unreasonable Accommodations Sought)**

Defendant alleges that the accommodations Plaintiff alleges he needed were not reasonable accommodations because, for example, they would have constituted fundamental alterations in the nature of the services provided by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant alleges that all acts or omissions by it were performed with respect to Plaintiff, if at all, in good faith and under the reasonable belief that such acts or omissions were constitutional and lawful, and without any malicious intent to deprive Plaintiff of any constitutional and/or lawful rights.

**NINTH AFFIRMATIVE DEFENSE**

**(No Causal Relationship)**

The Complaint, and each purported cause of action alleged therein, is barred because no causal relationship exists between any alleged injury, loss, or damages and the alleged wrongful conduct, if any, of Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Contributing Conduct)**

Defendant alleges that Plaintiff caused or contributed to the matters alleged, thereby causing and/or contributing to his alleged injury or damage, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Defendant alleges that Plaintiff is not entitled to relief on any of his causes of action to the extent Plaintiff failed to timely and successfully exhaust his administrative remedies for the

conduct alleged in the Complaint, and each purported cause of action set forth therein.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

Defendant alleges that Plaintiff is not entitled to relief on any of his causes of action because the Complaint, and each cause of action therein, fails because at all times Defendant's actions were reasonable in response to a legitimate business necessity, and were taken for legitimate, non-discriminatory business reasons.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Reasonable and Necessary)**

Defendant alleges that Plaintiff's Complaint, and each purported cause of action set forth therein, are barred because Defendant's conduct was at all times reasonable, in complete good faith, based upon good cause, and undertaken pursuant to the terms of the applicable laws and regulations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Legitimate Non-discriminatory Action)**

Defendant alleges that Plaintiff's Complaint, and each purported cause of action set forth therein, is barred, in whole or in part, because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, without malice, in the exercise of business judgment and for legitimate, non-discriminatory reasons.  If it were to be found that Defendant's actions were motivated by both discriminatory and nondiscriminatory reasons, the nondiscriminatory reasons alone would have induced Defendant to take such actions and make the same decisions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Causation)**

Defendant alleges that Plaintiff is barred from recovery on his Complaint, and each purported cause of action set forth therein, because any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendant or Defendant's officers, agents or employees. Any action on the

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

1 part of Defendant was not the proximate or producing cause of any alleged injuries or damages
2 Plaintiff claims he sustained.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant hereby reserves its right to assert additional affirmative defenses in the event that further investigation and discovery indicate that such defenses would be appropriate.

### JURY TRIAL DEMANDED

Defendant demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by this action;
2. That this action be dismissed in its entirety, with prejudice;
3. That judgment be entered in favor of Defendant and against Plaintiff;
4. That Defendant be awarded its costs of suit and attorney's fees incurred herein; and
5. For such other and further relief as the Court deems just and proper.

Dated:  December 23, 2024                    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Michael D. Bruno
Alyson S. Cabrera
Attorneys for Defendant
STANFORD HEALTH CARE

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

-5-
ANSWER TO COMPLAINT

**PROOF OF SERVICE**

*Doe v. Stanford Health Care.*
Santa Clara Superior Court Case No: 24CV446393

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111. On the date below, I served the within documents:

**DEFENDANT'S ANSWER CORRECTED FIRST AMENDED COMPLAINT FOR MONEY DAMAGES AND CIVIL PENALTIES UNDER THE UNRUH CIVIL RIGHTS ACT**

☐ **Via E-Mail:** By transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.

☐ **Via Electronic Transmission:** By transmitting via electronic mail through TitanFile the document(s) listed above to the e-mail address(es) set forth below.

☒ **Via U.S. Mail:** By causing the documents(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

DOE #1400
P.O. Box 1198
Sacramento, CA 95812
Tel: 530-539-4423
***In Pro Per***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 23, 2024** at San Francisco California.



Meg Naizghi

PROOF OF SERVICE