1

DOE #1400
P.O. Box 1198
Sacramento, CA 95812
Telephone: 530-539-4423

**FILED**

JAN 24 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

PLAINTIFF, PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOE #1400,

       Plaintiff,

  vs.

Stanford Health Care, and
DOES 1-50, inclusive

       Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 5:24-CV-09359-BLF

EX PARTE MOTION ON JUDGE'S
ORDER CONSTRUING PLAINTIFF'S
MOTION AND REQUEST REMAND

<u>"ACTION BASED ON CODE OF CIVIL PROCEDURE SECTION 367.3"</u>

EX PARTE MOTION ON JUDGE'S ORDER CONSTRUING PLAINTIFF'S MOTION
AND REQUEST FOR REMAND

STATEMENT OF FACTS

PLAINTIFF "DOE #1400" HEREBY DECLARES

1.   In support of the Honorable Judge Freeman's "ORDER CONSTRUING PLAINTIFF'S MOTION AND REQUESTING DEFENDANT'S RESPONSE", there are other factors to consider in the sealing and/or dismissal of only the document and not the entire case;

2.   The last name of the Plaintiff is still visible on the tab, and it appears to the general public, across the entire world via the "world wide web" – see Exhibit A.

3.   The only way to cure the defect is to close the case entirely.

4.   If the Defendant wishes to re-file their answer to the California Superior Court, and remove it again to the Federal Court, 64 days have lapsed since the Plaintiff filed *and had them personally served* all of the papers on the Defendant in person, which begs the question: Why have any statute of limitations at all?

5.   Stanford Health Care, upon entering the "Notice of Removal" at 4:18 PM on December 23, 2024 into the PACER system, and dropped the "#1400" from the Plaintiff's name and "And Does 1 – 50 inclusive" from the party list – there is NO case called Doe v. Stanford Health Care. Plaintiff hopes the case will be remanded back to the State.

6.   The Santa Clara County Superior Court did not show any new case activity on December 23, and not until after January 3 (to the best recollection to the Plaintiff) when they saw the notice at the website regarding motions; now, in order to get a motion a party needs to wait 5 court days to make an appointment in order to file a motion. Court is not open on Fridays or holidays. Plaintiff tried to click the "press this button" (or something, Plaintiff is tech-disabled and not sure how they happened to find that button anyway) to make an appointment to file a motion and when the button clicked into a new page it showed that the case was transferred out and that no motion appointment could be made.

7. On Monday, January 6, Plaintiff tried to go to the Federal Courthouse but got hopelessly lost and did not arrive in time to see what had been filed. Stanford Health Care makes patients play "fetch" which is NOT "service of process".

EX PARTE MOTION ON JUDGE'S ORDER CONSTRUING PLAINTIFF'S MOTION AND REQUEST FOR REMAND

## STATEMENT OF FACTS

PLAINTIFF "DOE #1400" HEREBY DECLARES

1. In support of the Honorable Judge [illegible]'s "ORDER CONSTRUING PLAINTIFF'S MOTION AND REQUESTING DEFENDANT'S RESPONSE", there are other factors to consider in the sealing and/or dismissal of only the document and not the entire case:

2. The last name of the Plaintiff is [illegible] and it appears to the general public across the entire world via the [illegible] world wide web – see Exhibit A.

3. The only way to cure the defect is to [illegible] the case entirely.

4. If the Defendant wishes to re-file its answer to the California Superior Court, and remove it again to the Federal Court, 34 days have passed since the Plaintiff filed and had them personally served all of the papers on the Defendant in person, which begs the question: Why have any statute of limitations at all?

5. Stanford Health Care, upon entering the "Notice of Removal" at 4:18 PM on December [illegible], 2024 into the PACER system, dropped the "#1400" from the Plaintiff's name and "And Does 1-50 inclusive" from the [illegible] there is NO case called Doe v. Stanford Health Care. Plaintiff hopes the case will be remanded back to the State.

6. The Santa Clara County Superior Court did not show any new case activity on December 23, and not until after January 3 (to the best recollection to the Plaintiff) when they saw the notice at the website regarding motions must now in order to get a motion a party needs to wait 5 court days to make an appointment in order to file a motion. Court is not open on Fridays or holidays. Plaintiff tried to click the "press this button" for something (Plaintiff is tech-disabled and not sure how they happened to find that button anyway) to make an appointment to file a motion and when the button clicked into a new page it showed that the case was transferred out and that no more appointment could be made.

7. On Monday January 6, Plaintiff tried to go to the Federal Courthouse but got hopelessly lost and did not arrive in time to see what had been filed. Stanford Health Care makes patients play "fetch" which is NOT "fair use of process".

1    8.    On Tuesday, January 7, Plaintiff got to the Federal Court in time, and retrieved

2    the stamped filed copies of Defendant served.  This was 12 days past the Notice.

3    9.    Stanford Health Care brought this case to a Federal Court where there is nothing

4    of import – the State of California matches every single ADA Statutes etc. with its own

5    Statutes – this Court is being abused and the general public are paying for this and it's a

6    complete waste of the time of the Federal Court system, and it only harms the Plaintiff more

7    because they are unable to e-file, and the US mail is now an abysmal memory of what it used

8    to be, so it's not effective to use for proper Service of Process.

9    10.  Stanford's outside counsel DELIBERATELY put Plaintiff's true name on a

10   document that will live forever – the fact that they put their first and last name and allowed

11   the evidence of medical information that, together with the publishing of their name, is more

12   than a HIPAA violation it is a serious violation of the Plaintiff's privacy; and violates every

13   law regarding invasion of privacy, and they could lose their license for the offense.

14   11.  The Plaintiff gave a copy of the Safe At Home certificate at the doctor's office,

15   and they refused to upload it into the media tab.  That certificate discusses Section 6207 of

16   the Government Code, California Code of Regulations 22101.2. Service of Process:

17   (a) Service of process intended for Safe at Home Program Participants is accepted by the

18   Safe at Home program during regular business hours, excluding state holidays, Monday-

19   Friday, 8:00 a.m. to 5:00 p.m., Pacific Time.  Service shall be made at 1500 11th Street, 6th

20   Floor, Sacramento, California 95814.

21   12.  Outside counsel, everyone in "their office" should have looked deeper into the

22   California 367.3 Statute for guidance before violating Plaintiff's privacy

23   (https://www.sos.ca.gov/administration/regulations/current-regulations/registries/safe-home-

24   confidential-address-program) in the way that they did.  When they connected the dots of the

25   medical information that was filed in the 37 page document they filed in your Court, and

26   added first and last name, that is an irretrievable error.  Plaintiff is not waiving anything.

27   11.  The fabrications and the altered documents and Nurse impersonator and doctors

28   aiding and abetting in Plaintiff's medical records should all be investigated and evidence of a

EX PARTE MOTION ON JUDGE'S ORDER CONSTRUING PLAINTIFF'S MOTION
AND REQUEST FOR REMAND

1   criminal conspiracy should be investigated (see Exhibit B), but no matter who Plaintiff

2   contacts for help in these matters they all say to go to court. So that's what the Plaintiff did.

3       12.   Plaintiff wishes not to conduct trial by ex parte, and sincerely apologizes for

4   repeated ex parte motions, but these things may not be noted before the case is either sealed

5   or dismissed or both:

6       13.   Though the document of Alyson Cabrera is now sealed, they sent in another

7   Allison to make the appearance for Alyson Cabrera and the name of Plaintiff is still evident.

8       14.   On December 23, 2024, Michael Bruno filed for removal at 4:18 PM and

9   subsequently, at 6:49 PM, was still allowed to enter other files into the State case, while the

10  Plaintiff was not allowed to access the case to ask for a Motion on the issue. It is still that

11  way in the Superior Court – Supervisor of Clerks informed the Plaintiff that no one is

12  allowed to enter anything into the case because in effect, it does not exist. They also stated in

13  their filing that "on or about December 23" they served the Plaintiff their answer. Defendant

14  affirms that they received the service of Plaintiff on November 21, 2024, the statute of

15  limitations on filing an answer would have begun on that day and run out on December 20,

16  2024. Friday. The clock began running on November 21, 2024. It ran out on the 20th of

17  December and they began filing late papers, the Court was closed, on December 23, 2024. It

18  may have been filed on December 26, where the PACER log shows an Electronic Filing

19  Error, at 9:35 AM.

20      15.   At the time that Mr. Bruno was entering files, not only did he remove the

21  #1400 from the case description, he also named the Plaintiff by first and last name – he also

22  removed the "and Does 1- 50, inclusive" as the other parties who are part of the complaint

23  that Mr. Bruno brought to the Federal Court.

24      16.   Safe At Home has *MANY* "DOES".

25      17.   The case "Doe v Stanford Health Care" does not exist in recent State filings.

26      18.   Technically, a document can't be put in a mailbox with a pleading and say in

27  the past tense that they "served" it. They can't say they served it in a past tense unless the

28  proof is served separately. There were deadlines to meet and the Defendants did not meet

1   them in a timely manner.  The envelope contained the unfiled documents and the Certificate.

2       19.    Another item being questioned by the Plaintiff is the service of the "NOTICE

3   OF APPEARANCE BY ATTORNEY" in response to your Orders, filed on January 22,

4   2025.  The response was filed on 11:40 AM on 1/23/2025.  The Certificate Of Service on the

5   masthead says the server's address is in San Francisco.  But it was executed on January 23,

6   2025, at Antioch, California as well as the "DEFENDANT'S NON OPPOSITION" paper

7   that was served at 11:45 AM on the same day, from San Francisco.  Plaintiff, Pro Se, has no

8   way to reach Marisol Franco.  Service of process is a fundamental aspect of any law suit.

9   PRAYER FOR RELIEF

10      20.    Plaintiff respectfully requests that the Court grants the second amendment

11  pleading submitted on January 23, 2025;

12      21.    Plaintiff requests that Defendant's action be reversed and sealed or so

13  their true name is not visible on  any tab anywhere at any computer anywhere in the world;

14      22.    Plaintiff asks for the matter under 5:24-cv-09359 be dismissed With Prejudice;

15      23.    That Plaintiff be awarded costs of suit;

16      24.    That, after sealing and expunging the Federal aspect and allowing Plaintiff's

17  second amendment be accepted that an exact "demand" for compensation was never intended

18  by the Plaintiff but is willing to capitulate to Defendant's demands for a monetary sum in the

19  interest of TIME, which the Plaintiff has not much remaining;

20      25.    For such other and further relief as the Court deems just and proper.

21      26.    Plaintiff asks for Remand to the State, after affixing a fresh confidentiality form

22  so the case can be re-entered in the state with a proper, unadulterated confidentiality form.

23

24  I, DOE #1400, declare under penalty of perjury under the laws of the State of California that

25  the above is true and correct.

26

27  January 24, 2025                                    Doe #1400

28                                                    DOE #1400, Pro Se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EX PARTE MOTION ON JUDGE'S ORDER CONSTRUING PLAINTIFF'S MOTION
AND REQUEST FOR REMAND



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

EX PARTE MOTION ON JUDGE'S ORDER CONSTRUING PLAINTIFF'S MOTION
AND REQUEST FOR REMAND

*63*

Official Copy

**Stanford**
HEALTH CARE
STANFORD MEDICINE

STANFORD HOSPITAL - IP
300 PASTEUR DR
Stanford CA 94305-2200     Visit date: 7/2/2022

**Telephone Encounter by Cardano, Nestor, RN at 7/2/2022  5:19 PM (continued)**

Electronically signed by Cardano, Nestor, RN at 7/2/2022  5:51 PM

**Telephone Encounter by Pantig, Rogielyn at 7/3/2022  3:15 PM**

Author: Pantig, Rogielyn
Filed: 7/3/2022  3:15 PM
Status: Signed

Service: —
Encounter Date: 7/3/2022
Editor: Pantig, Rogielyn (Technician)

Author Type: Technician
Note Type: Telephone Encounter

Adherence call made by Clinical Advice Services  No answer/unable to reach - "cannot complete call, please try again"  No further follow up from Clinical Advice Services is required.

**BRANDON"S NOTE BELOW HAS ALL OF THE ELEMENTS THAT AN ENCOUNTER RECORD SHOULD CONTAIN -- DATES AND TIMES MATCH**
Electronically signed by Pantig, Rogielyn at 7/3/2022  3:15 PM

**Telephone Encounter by Johnson, Brandon, RVT at 8/1/2022  7:47 PM**

Author: Johnson, Brandon, RVT
Filed: 8/1/2022  7:48 PM
Status: Signed

Service: —
Encounter Date: 8/1/2022
Editor: Johnson, Brandon, RVT (Technologist)

Author Type: Technologist
Note Type: Telephone Encounter

Patient has provided consent to discuss PHI over the phone: Yes

contacted Clinical Advice services regarding patient was calling to see if she was calling the correct clinic. She will call in during normal hours.

Electronically signed by Johnson, Brandon, RVT at 8/1/2022  7:48 PM

**Telephone Encounter by Massey, Nadine at 8/3/2022 11:27 AM    NOBODY CALLED ANYBODY**

Author: Massey, Nadine
Filed: 8/3/2022 11:28 AM
Status: Signed

Service: —
Encounter Date: 8/3/2022
Editor: Massey, Nadine

Author Type: — **NO AUTHORITY**
Note Type: Telephone Encounter
**WHO DID SHE CALL?  NOT ME**

On 8/2/2022, clinic manager, JV, received approval from Risk, SHC legal, and Director of Operations to send the letter in response to patient's request for Reasonable Accommodations regarding her disabilities. The letter sent via certified mail, and will be presented to the patient during a scheduled appointment with Dr. Tabaka on 8/4/2022.  The Los Altos clinic will commit to the accommodations as outlined in the letter.  **JV (JULIE VARVEL) "RISK": THERESA KOLLMAN "SCH LEGAL" SARAH DI BOISE AND DIRECTOR OF OPERATIONS?  ALL OF THE HEAVY HITTERS? THIS NOTE WAS NOT IN THE 11/2022 OR 12/2022 RECORDS REQUESTS**
Electronically signed by Massey, Nadine at 8/3/2022 11:28 AM

**Clinic Support Note by Neal, Chrystal at 8/4/2022 11:00 AM**

Author: Neal, Chrystal
Filed: 8/4/2022 12:31 PM
Status: Signed

Service: —
Encounter Date: 8/4/2022
Editor: Neal, Chrystal

Author Type: —
Note Type: Clinic Support Note

**Health Maintenance Due**

| Topic | Date Due |
|---|---|
| • HEPATITIS C SCREENING | Never done |

Printed on 5/9/24  9:43 AM

Page 70

**AND THERE'S CHRYSTAL, WHO OUTSIDE COUNSEL SAYS DOES NOT EXIST**

**LINE 26 A**