1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    DOE #1400,                                    Case No.  5:24-cv-09359-BLF

8                     Plaintiff,

9           v.                                     **ORDER GRANTING
                                                   ADMINISTRATIVE MOTION TO
10   STANFORD HEALTH CARE,                         SEAL; AND DENYING MOTION TO
                                                   REMAND**
11                   Defendant.
                                                   [Re:  ECF Nos. 10, 14]

12

13          Before the Court are *pro se* Plaintiff Doe #1400's *Ex Parte* Motion to Dismiss with

14   Prejudice "Declaration of Alyson S. Cabrera," ECF No. 10, and *Ex Parte* Motion on Judge's

15   Order Construing Plaintiff's Motion and Request Remand, ECF No. 14.  The Court issued an

16   Order on January 22, 2025 construing the first motion, in part, as an Administrative Motion to

17   Seal under Civil Local Rule 79-5.  ECF No. 11.  Defendant Stanford Health Care filed a Statement

18   of Non-Opposition regarding the motion to seal, ECF No. 13, and filed an Opposition to Plaintiff's

19   motion to remand, ECF No. 15.  Plaintiff filed a reply in support of the remand motion on January

20   28, 2025, entitled *Ex Parte* Request for Consideration Response to Defendant's Opposition to

21   Remand Case 24CV446393 Back to the California Superior Court of Santa Clara County.  ECF

22   No. 16.

23          For the following reasons, the Court hereby GRANTS Plaintiff's Administrative Motion to

24   Seal (ECF No. 10) and DENIES Plaintiff's Motion to Remand (ECF No. 14).

25   **I.    BACKGROUND**

26          Plaintiff Doe #1400 filed suit against Defendants Stanford Health Care and Does 1-50 in

27   the Superior Court of the State of California for the County of Santa Clara on September 3, 2024.

28   ECF No. 1-1, Exhibit A to Notice of Removal of Action Under 28 U.S.C. § 1441(b), at 2, 5.

United States District Court
Northern District of California

1  Plaintiff filed a First Amended Complaint to Withdraw Motions for Injunctions, Prayer for Relief

2  Under Unruh Civil Rights Act, and For Damages on November 4, 2024, *id.* at 15, and a Corrected

3  First Amended Complaint for Money Damages and Civil Penalties Under the Unruh Civil Rights

4  Act on November 20, 2024, *id.* at 27.  Plaintiff served Defendant Stanford Health Care ("SHC")

5  with the Complaint, First Amended Complaint, and Corrected First Amended Complaint

6  documents on November 21, 2024.  *Id.* at 2.

7         On December 23, 2024, SHC filed an Answer to Corrected First Amended Complaint for

8  Money Damages and Civil Penalties Under the Unruh Civil Rights Act.  ECF No. 1-2, Exhibit B

9  to Notice of Removal of Action Under 28 U.S.C. § 1441(b), at 2.  SHC also filed a Notice of

10 Removal in the United States District Court for the Northern District of California.  ECF No. 1.

11 The Notice of Removal asserted that removal was proper under 28 U.S.C. § 1441(b), because the

12 action "arises under federal law pursuant to the Americans with Disabilities Act and Section 504

13 of the Rehabilitation Act of 1973."  ECF No. 1 at 2.

14        On January 17, 2025, Plaintiff filed the *Ex Parte* Motion to Dismiss with Prejudice

15 "Declaration of Alyson S. Cabrera."  ECF No. 10.  Plaintiff's motion referred to an attorney

16 declaration filed by counsel for SHC on December 27, 2024.  ECF No. 3.  After the Court issued

17 its order construing the motion on January 22, 2025, ECF No. 11, Plaintiff filed the *Ex Parte*

18 Motion on Judge's Order Construing Plaintiff's Motion and Request Remand.  ECF No. 14.

19 **II.    LEGAL STANDARD**

20     **A.  Administrative Motion to Seal**

21        "Historically, courts have recognized a 'general right to inspect and copy public records

22 and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of*

23 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

24 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

25 presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

26 *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

27        Records attached to motions that are "not related, or only tangentially related, to the merits

28 of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety v.*

United States District Court
Northern District of California

1    *Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Parties moving to seal the documents

2    attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*,

3    447 F.3d at 1180.  This standard requires a "particularized showing," *id.*, that "specific prejudice

4    or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors*

5    *Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

6            In addition, in this district, all parties requesting sealing must comply with Civil Local

7    Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a

8    document under seal, including an explanation of: (i) the legitimate private or public interests that

9    warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

10   alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).

11       **B.  Motion to Remand**

12           A civil action brought in a state court can be removed if the complaint contains a federal

13   claim over which the federal courts have original jurisdiction.  28 U.S.C. § 1441(a); *id.* § 1331.

14   "It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the

15   burden of establishing the contrary rests upon the party asserting jurisdiction."  *Abrego Abrego v.*

16   *The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins.*

17   *Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal alterations omitted).

18           "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the

19   complaint contains a cause of action that is within the original jurisdiction of the district court."

20   *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest*

21   *Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003)).  Original "federal question" jurisdiction exists

22   in a civil action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C.

23   § 1331.  "The presence or absence of federal–question jurisdiction is governed by the 'well–

24   pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

25   question is presented on the face of the plaintiff's properly pleaded complaint."  *In re NOS*

26   *Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar Inc. v.*

27   *Williams*, 482 U.S. 386, 392 (1987)).

28

United States District Court
Northern District of California

III.    **DISCUSSION**

    A. **Administrative Motion to Seal**

       Plaintiff seeks to seal the "Declaration of Alyson S. Cabrera" filed at ECF No. 3, because Plaintiff is a participant in ███████████████████. ECF No. 10 at 2. Plaintiff states that ██████████ submitted as Exhibit A to the declaration is demarcated as "CONFIDENTIAL," and argues that Plaintiff will be harmed by public filing of the document on the docket because it exposes personally identifying information and could permit members of the public to determine Plaintiff's identity and location. *Id.* at 3–4. SHC does not oppose maintaining the Declaration of Alyson S. Cabrera and attached ██████████ under seal. ECF No. 13.

███████████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████ Program participants are permitted to proceed in civil litigation using a pseudonym in place of their true name, and "may exclude or redact from all pleadings and documents filed in the action other identifying characteristics of the protected person." ██████████
██████████

       Because this sealing motion addresses a declaration that is at most "only tangentially related[] to the merits of [the] case," the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1099; *Kamakana*, 447 F.3d at 1180. Here, the Court concludes that Plaintiff has shown good cause to seal the Declaration of Alyson S. Cabrera and accompanying ██████████. Plaintiff's ██████████████████████████ entitles Plaintiff to "exclude or redact from all . . . documents" identifying characteristics, including Plaintiff's name. ██████████████ ██████████ Although SHC partially redacted Plaintiff's name in the filing, Plaintiff's name and signature remain partially unredacted in various places. The Court finds that this is sensitive identifying information intended to be protected by ██████████ of the California Code of Civil Procedure. █████████████████ ███████████████████████
████████████████████████████████████████████

United States District Court
Northern District of California

██████████ The Court also notes SHC's non-opposition to maintaining the declaration and exhibit under seal. Accordingly, the Court hereby ORDERS that ECF No. 3 as well as Plaintiff's *Ex Parte* Motion to Dismiss with Prejudice "Declaration of Alyson S. Cabrera," ECF No. 10, REMAIN SEALED. Because the unsealed document may only be opened digitally by those with access to view the sealed document, the name visible on the tab will be maintained under seal by this ruling. The Court further ORDERS the Clerk to SEAL ECF Nos. 14 and 16, in light of the fact that those two documents also discuss Plaintiff's ███████████████████████.

As a final note: To the extent that Plaintiff seeks to alter the nature of the motion related to the Declaration of Alyson S. Cabrera in the "*Ex Parte* Request for Consideration Response to Defendant's Opposition to Remand Case 24CV446393 Back to the California Superior Court of Santa Clara County," *see* ECF No. 16 at 4–5, that request is improper. "[A]rguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010).

### B. Motion to Remand

In the *Ex Parte* Motion on Judge's Order Construing Plaintiff's Motion and Request Remand, ECF No. 14, Plaintiff includes a "Prayer for Relief" seeking "Remand to the State." *Id.* at 5. While Plaintiff's arguments in favor of remand are not entirely clear, Plaintiff appears to argue that the Notice of Removal was not timely, *id.* at 4, and that the caption on Defendant's Notice of Removal renders the removal invalid, *id.* at 2. Plaintiff also appears to argue that the case should be remanded because California has state statutes that parallel the federal Americans with Disabilities Act. *Id.* at 3. Finally, Plaintiff appears to state that Plaintiff submitted a second amended complaint on January 23, 2025 that removes Plaintiff's federal claims, although the docket does not reflect filing of a second amended complaint. *Id.* at 5.

Defendant opposes Plaintiff's motion for remand, arguing that (1) Plaintiff's motion is untimely, and (2) Plaintiff fails to dispute that removal based on federal question jurisdiction is proper in this case. ECF No. 15 at 1. Defendant also argues that it is procedurally improper for Plaintiff to file an *ex parte* motion to remand. *Id.* at 2. On reply, Plaintiff reiterates the argument that SHC's removal was untimely and cites California Superior Court Rule 3.543(b) to argue that Plaintiff is entitled to a hearing regarding the objection to moving the action to federal court. ECF

No. 16 at 3.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447.  Accordingly, Plaintiff had 30 days from the date of removal—December 23, 2024—to file a motion to remand.  If the Court were to determine that Plaintiff first sought remand on January 24, 2025, then SHC is correct that Plaintiff's remand motion was untimely.  *See* ECF No. 15 at 3.  However, the Court recognizes that Plaintiff is proceeding *pro se*, and believes that Plaintiff's *Ex Parte* Motion to Dismiss with Prejudice "Declaration of Alyson S. Cabrera," ECF No. 10, arguably sought remand as well.  The Court therefore assumes the remand motion was timely and proceeds to consider whether the case should be remanded to state court.

First, the Court finds that it does have subject matter jurisdiction over this action. Plaintiff's operative Complaint is the Corrected First Amended Complaint for Money Damages and Civil Penalties Under the Unruh Civil Rights Act.  ECF No. 1-1 at 27.  Therein, Plaintiff states that "SHC is required to abide by the ADA [Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*], and Section 504 of the Rehabilitation Act of 1973[, 29 U.S.C. § 794]," among other laws.  *Id.* at 28.  Under the First Cause of Action, entitled "Refusal to grant reasonable accommodations, which is a violation of all of the aforementioned State and Federal anti-discrimination legislation," Plaintiff again states that SHC has committed "a violation of ADA[] and Section 504 of the Rehabilitation Act," among other statutes.  *Id.* at 31–32.  Accordingly, Defendant is correct that a federal claim appears on the face of Plaintiff's operative Complaint. That is sufficient grounds for removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.  *See In re NOS Commc'ns, MDL No. 1357*, 495 F.3d at 1057.  The fact that California has its own state statutes that address similar issues to these federal laws does not negate the existence of federal question jurisdiction.

Moreover, Defendant's removal was timely.  The deadline for filing a notice of removal is "within 30 days after" service of the pleading on the defendant.  28 U.S.C. § 1446(b).  Under Federal Rule of Civil Procedure 6, the deadline for removal is calculated as follows: the parties shall "exclude the day of the event that triggers the period," then "count every day, including

1    intermediate Saturdays, Sundays, and legal holidays," and finally "if the last day is a Saturday,

2    Sunday, or legal holiday, the period continues to run until the end of the next day that is not a

3    Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(A)–(C). In this case, service occurred

4    on November 21, 2024. Under the Federal Rule, that date is excluded, and the thirty-day period is

5    counted starting on November 22, 2024. Accordingly, Defendant's deadline was December 21,

6    2024, a Saturday. Because it fell on a weekend, Defendant's deadline was subject to the rule that,

7    where the last day of the period falls on "a Saturday, Sunday, or legal holiday, the period

8    continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

9    Fed. R. Civ. P. 6(a)(1)(C). Defendant therefore had until the end of Monday, December 23, 2024

10   to file its notice of removal. The notice was filed on that date, so removal was timely. ECF No. 1.

11   Further, the Notice of Removal properly identified the caption as "*Doe #1400 v. Stanford Health

12   Care, and Does 1-50, inclusive,*" and properly identified the underlying state court action as Case

13   No. 24CV446393. *See* ECF No. 1 at 1; ECF No. 1-1.

14   Because Defendant properly removed this action to federal court, California Rule of Court

15   3.543 is inapplicable. The California Rules of Court govern the state courts of California.

16   Moreover, that rule pertains to transfer of an action or claim in the context of a complex state court

17   action and does not address an effort to remand a case from federal court back to state court. *See*

18   Cal. Rules of Court, Chapter 7 ("Coordination of Complex Actions"). The Court understands that

19   Plaintiff wishes to have a hearing on the motion to remand. However, the Court has determined

20   that this motion is appropriate for determination without oral argument and based upon the papers

21   filed by the Parties. Civ. L.R. 7-1(b) ("In the Judge's discretion . . . a motion may be determined

22   without oral argument."). Accordingly, Plaintiff's motion for remand is DENIED.

23   Additionally, Plaintiff has not yet properly sought to submit a Second Amended

24   Complaint. Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as

25   a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a

26   responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P.

27   15(a)(1)(A)–(B). Plaintiff served SHC with the Corrected First Amended Complaint for Money

28   Damages and Civil Penalties Under the Unruh Civil Rights Act on November 21, 2024, and

1    Defendant filed its Answer and Notice of Removal on December 23, 2024.  ECF No. 1; *id.* Ex. B.

2    Setting aside the fact that Plaintiff had already amended the Complaint in state court, the timing of

3    service and SHC's response means that Plaintiff's deadline to amend as a matter of course was

4    January 13, 2025.  Thus, Plaintiff's effort to amend as a matter of course on January 23, 2025 was

5    too late.  If Plaintiff does wish to file a Second Amended Complaint, Plaintiff may seek the written

6    consent of SHC to do so, or Plaintiff may make a motion to this Court to amend the pleading.  *See*

7    Fed. R. Civ. P. 15(a)(2) (explaining that where a plaintiff may no longer amend its pleading as a

8    matter of course, the "party may amend its pleading only with the opposing party's written

9    consent or the court's leave").  Plaintiff is correct that if a "plaintiff eliminates the federal-law

10   claims that enabled removal, leaving only state-law claims behind, the court's power to decide the

11   dispute dissolves" and the case will be remanded.  *Royal Canin U. S. A., Inc. v. Wullschleger*, No.

12   23-677, slip op. at 6 (U.S. Jan. 15, 2025).

        **C.   The Federal Pro Se Program and Filing *In Forma Pauperis***

14          The Court urges Plaintiff to contact the Federal Pro Se Program, a free program that offers

15   limited legal services and advice to parties who are representing themselves.  The Federal Pro Se

16   Program has an office at the location listed below.  Help is provided by appointment and on a

17   drop-in basis.  Parties may make appointments by calling the program's staff attorney, Haohao

18   Song, at 408-297-1480.  Additional information about the Federal Pro Se Program is available at

19   http://cand.uscourts.gov/helpcentersj.

20                                  Federal Pro Se Program
                                   United States Courthouse
21                         280 South 1st Street 2nd Floor, Room 2070
                                     San Jose, CA 95113
22                            Monday to Thursday 9:00 am – 4:00 pm

23          The Court also notes that, as in state court, qualifying litigants may proceed *in forma*

24   *pauperis*.  Under the Civil Local Rules, "any person wishing the Court to authorize prosecution or

25   defense of the action without payment of fees or security, pursuant to 28 U.S.C. § 1915, must submit

26   . . . an Ex Parte Motion to Proceed In Forma Pauperis, pursuant to Civil [Local Rule] 7-11."  Civ.

27   L.R. 3-10(a).  "The motion must contain . . . [a] request to proceed in forma pauperis; [and] [a]n

28   affidavit or declaration . . . providing the information required by Title 28 U.S.C. § 1915, on a form

United States District Court
Northern District of California

8

available at the Office of the Clerk and on the Court's website, or an equivalent form." *Id.* 3-10(b).

Given Plaintiff's ████████████████████████████, Plaintiff may file the required affidavit or declaration under seal.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  ECF No. 3 and Plaintiff's *Ex Parte* Motion to Dismiss with Prejudice "Declaration of Alyson S. Cabrera," ECF No. 10, shall REMAIN SEALED.

2.  The Clerk SHALL SEAL ECF Nos. 14 and 16.

3.  Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED.**

Dated:  January 31, 2025

_____
BETH LABSON FREEMAN
United States District Judge