1

2                 **UNITED STATES DISTRICT COURT**

3                **NORTHERN DISTRICT OF CALIFORNIA**

4                         **SAN JOSE DIVISION**

5

6     DOE #1400,                                 Case No.  5:24-cv-09359-BLF

7                    Plaintiff,

8          v.                                    **ORDER GRANTING PLAINTIFF'S**
                                                 **MOTION FOR LEAVE TO FILE**
9     STANFORD HEALTH CARE,                      **CORRECTED SECOND AMENDED**
                                                 **COMPLAINT; GRANTING MOTION**
10                   Defendant.                  **TO REMAND ACTION TO STATE**
                                                 **COURT; GRANTING IN PART**
11                                               **MOTION TO SEAL RECORD; AND**
                                                 **DENYING MOTION TO SHORTEN**
12                                               **TIME AND FOR LEGAL ADVICE**

13                                               [Re:  Dkt. Nos. 20, 23, 32, 33]

14          *Pro se* Plaintiff Doe #1400, who is proceeding in this action under a pseudonym, has filed

15    four motions: (1) a motion seeking leave to file a Second Amended Complaint, Dkt. No. 23; (2) a

16    motion to remand the above-captioned action to state court, Dkt. No. 20; (3) a motion to seal the

17    entire federal record in this case, Dkt. No. 20; and (4) a motion to shorten time and to request

18    guidance as to the availability of sanctions against Defendant Stanford Health Care, Dkt. Nos. 32,

19    33.  The Court finds these motions suitable for disposition without oral argument and hereby

20    VACATES the hearing dates set for April 24, 2025 and May 29, 2025.  Civ. L.R. 7-1(b).

21          For the following reasons, the Court GRANTS Plaintiff's motion seeking leave to file the

22    Corrected Second Amended Complaint and REMANDS the action to the Superior Court of

23    California for the County of Santa Clara.  The Court GRANTS IN PART AND DENIES IN

24    PART Plaintiff's motion to seal the entire record and DENIES Plaintiff's motions at Dkt. Nos. 32

25    and 33, as the motion to shorten time is now moot and the Court cannot offer legal advice to a *pro*

26    *se* litigant.

27    **I.    BACKGROUND**

28          Plaintiff Doe #1400 filed suit against Defendants Stanford Health Care and Does 1-50 in

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the Superior Court of the State of California for the County of Santa Clara on September 3, 2024.

2   Dkt. No. 1-1, Exhibit A to Notice of Removal of Action Under 28 U.S.C. § 1441(b), at 2, 5.

3   Plaintiff filed a First Amended Complaint to Withdraw Motions for Injunctions, Prayer for Relief

4   Under Unruh Civil Rights Act, and For Damages on November 4, 2024, *id.* at 15, and a Corrected

5   First Amended Complaint for Money Damages and Civil Penalties Under the Unruh Civil Rights

6   Act on November 20, 2024, *id.* at 27.  Plaintiff served Defendant Stanford Health Care ("SHC")

7   with the Complaint, First Amended Complaint, and Corrected First Amended Complaint

8   documents on November 21, 2024.  *Id.* at 2.

9         On December 23, 2024, SHC filed an Answer to Corrected First Amended Complaint for

10  Money Damages and Civil Penalties Under the Unruh Civil Rights Act.  Dkt. No. 1-2, Exhibit B

11  to Notice of Removal of Action Under 28 U.S.C. § 1441(b), at 2.  SHC also filed a Notice of

12  Removal in the United States District Court for the Northern District of California.  Dkt. No. 1.

13  The Notice of Removal asserted that removal was proper under 28 U.S.C. § 1441(b), because the

14  action "arises under federal law pursuant to the Americans with Disabilities Act and Section 504

15  of the Rehabilitation Act of 1973."  Dkt. No. 1 at 2.

16        After the Court denied Plaintiff's initial motion to remand the action, *see* Dkt. No. 17,

17  Plaintiff sought leave to file a Second Amended Complaint and renewed the request to remand the

18  action to state court.  *See* Dkt. Nos. 20, 23, 24.  Defendant Stanford Health Care opposed the

19  motion.  Dkt. No. 26.  The Court invited a further response from Defendant regarding Plaintiff's

20  remand motion, based on Plaintiff's proposed Corrected Second Amended Complaint.  Dkt. No.

21  27.  Stanford Health Care filed its supplemental response on February 13, 2025, Dkt. No. 29, and

22  Plaintiff filed a brief in response to Defendant's opposition filings on March 3, 2025, Dkt. No. 31.

23  **II.   LEGAL STANDARD**

24        **A.  Motion for Leave to File Amended Complaint**

25        Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

26  given when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is]

27  to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*,

28  203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).  In

United States District Court
Northern District of California

1   deciding whether to grant leave to amend, the Court must consider the factors set forth by the

2   Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth

3   Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court

4   ordinarily must grant leave to amend unless one or more of the *Foman* factors is present:

5   (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by

6   amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence*

7   *Capital*, 316 F.3d at 1051–52.  "[I]t is the consideration of prejudice to the opposing party that

8   carries the greatest weight."  *Id.* at 1052.  However, a strong showing with respect to one of the

9   other factors may warrant denial of leave to amend.  *Id.*

10          **B.  Motion to Remand**

11          A civil action brought in a state court can be removed if the complaint contains a federal

12  claim over which the federal courts have original jurisdiction.  28 U.S.C. § 1441(a); *id.* § 1331.

13  "It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the

14  burden of establishing the contrary rests upon the party asserting jurisdiction."  *Abrego Abrego v.*

15  *The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins.*

16  *Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal alterations omitted).

17          "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the

18  complaint contains a cause of action that is within the original jurisdiction of the district court."

19  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest*

20  *Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003)).  Original "federal question" jurisdiction exists

21  in a civil action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C.

22  § 1331.  "The presence or absence of federal–question jurisdiction is governed by the 'well–

23  pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

24  question is presented on the face of the plaintiff's properly pleaded complaint."  *In re NOS*

25  *Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar Inc. v.*

26  *Williams*, 482 U.S. 386, 392 (1987)).

27          **C.  Motion to Seal**

28          "Historically, courts have recognized a 'general right to inspect and copy public records

United States District Court
Northern District of California

1    and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

2    *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

3    U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

4    presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

5    *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal the entire record of the

6    proceedings in a case must justify that request with a showing of "compelling reasons" in support

7    of sealing.  *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (citing *Joy v. North*, 692

8    F.2d 880, 894 (2d Cir. 1982)).

9            In addition, in this district, all parties requesting sealing must comply with Civil Local

10   Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a

11   document under seal, including an explanation of: (i) the legitimate private or public interests that

12   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

13   alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).

14   **III.    DISCUSSION**

15       **A. Motion to Amend**

16           Plaintiff seeks leave to file a Second Amended Complaint in order to correct various

17   typographical errors and to remove federal causes of action.  Specifically, Exhibit A to the Motion

18   for Leave to Amend Proposed Corrected Second Amended Complaint, Dkt. No. 23, shows that

19   Plaintiff's Corrected Second Amended Complaint strikes the prior mentions of the federal

20   Americans with Disabilities Act ("ADA"), Rehabilitation Act of 1973, Affordable Care Act

21   ("ACA"), and Health Insurance Portability and Accountability Act ("HIPAA"), *see id.* at 3, 6, 10.

22   Instead, Plaintiff relies upon California's Unruh Civil Rights Act, California Government Code

23   section 11135, and California's Disabled Persons Act.  *See id.* at 4.

24           SHC responds to Plaintiff's request to amend by arguing that this is Plaintiff's fourth

25   attempt to amend the complaint, indicating repeated failure to cure deficiencies, and that

26   Plaintiff's motion fails to provide any affirmative arguments in support of granting leave to

27   amend.  *See* Dkt. No. 26 at 5; Dkt. No. 29 at 2.  In addition, SHC argues that Plaintiff has engaged

28   in "undue delay by waiting five months" between the filing of the original complaint and the effort

4

1    to amend for the third time, and that Plaintiff "is engaging in bad faith by attempting to seek leave

2    to amend" the complaint "for the sole purpose of forum shopping." Dkt. No. 26 at 5. As a result,

3    SHC asserts that it "has incurred fees and costs associated with removing th[e] action from state to

4    federal court" and will continue to be prejudiced insofar as Plaintiff's ongoing efforts to amend

5    render the complaint "a moving target." *Id.* Plaintiff disputes that amendment is being sought for

6    an improper purpose or in bad faith. Dkt. No. 31 at 9.

7        The Court will permit Plaintiff to amend the complaint, as it is not persuaded by

8    Defendant's arguments regarding the *Foman* factors.

9        First, Plaintiff has not unduly delayed in seeking to amend. Defendant removed this action

10    on December 23, 2024, and Plaintiff filed the motion for leave to amend approximately six weeks

11    later. In light of Plaintiff's *pro se* status, requiring six weeks—including multiple federal holidays

12    on which courts were closed—to ascertain the proper procedure for seeking remand is hardly so

13    excessive as to constitute *undue* delay.

14        Second, the Court finds credible Plaintiff's representations that amendment is not being

15    sought in bad faith or for dilatory purposes. Rather, Plaintiff wished to proceed in state court, and

16    it was apparently only after Defendant removed the action that Plaintiff realized the complaint

17    would need to omit any federal causes of action if Plaintiff wanted to avoid federal court

18    jurisdiction. Plaintiff is permitted to make this "straight-forward tactical decision" between

19    pursuing the federal claims and abandoning them in order to litigate in the state forum. *Baddie v.*

20    *Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995).

21        Third, in light of Plaintiff's *pro se* status, the Court finds that Plaintiff's efforts to amend

22    have not yet been unacceptably numerous. Crucially, although Defendant is correct that this is

23    formally Plaintiff's fourth attempt to amend, this is only the second effort to amend following

24    removal, which was the point at which Plaintiff apparently realized the federal claims would need

25    to be dropped in order to litigate in state court. Plaintiff promptly sought to do so; however,

26    thanks to a small oversight, Plaintiff's initial proposed Second Amended Complaint accidentally

27    retained mention of a federal claim. *See* Dkt. Nos. 20, 21. Accordingly, Plaintiff submitted a

28    proposed Corrected Second Amended Complaint approximately one week later, *see* Dkt. Nos. 23,

United States District Court
Northern District of California

1   24, flagging this oversight and requesting that the corrected version be considered instead.  In

2   other words, Plaintiff has really only sought to amend once following removal, which is not a

3   pattern evincing repeated failure to cure deficiencies.

4   Fourth, the Court finds that Defendant will not be unduly prejudiced if the Court grants

5   leave to amend.  Defendant made the strategic decision to attempt to remove the action—knowing

6   full well that it may then need to defend against an effort to remand—so the Court does not find

7   that Defendant is prejudiced by the removal and remand proceedings.  And it is hardly fair to

8   characterize Plaintiff's limited efforts to amend since then as creating "a moving target," when

9   Plaintiff clearly sought to litigate in a state forum and the desired amendment does not

10  substantially change the contours of the action beyond removing the federal claims.

11  Finally, the Court does not believe that amendment is futile.  Futility is an issue where it is

12  clear that there is no world in which a cause of action sought to be asserted will be able to survive

13  a motion to dismiss.  Here, Plaintiff simply seeks to remove various causes of action, so that

14  concern is inapplicable.  Instead, Defendant's futility argument appears to be a preview of its

15  argument on the motion to remand, to which the Court will turn in the next section of this Order.

16  Because the Court concludes that none of the *Foman* factors weighs against the liberal

17  policy permitting amendment that underlies Rule 15, the Court GRANTS Plaintiff's motion for

18  leave to file the Corrected Second Amended Complaint.

19  **B. Motion to Remand**

20  Alongside the motion for leave to file the Second Amended Complaint, Plaintiff renewed

21  the earlier request to remand this lawsuit to the Superior Court of California for the County of

22  Santa Clara.  *See* Dkt. No. 20 at 3.  Defendant opposes remand.  First, Defendant states that

23  Plaintiff's only argument in favor of remand is that Defendant's removal was not proper; since the

24  Court has already determined that removal *was* proper, *see* Dkt. No. 17, Defendant argues that

25  remand should be denied on that basis alone.  Dkt. No. 26 at 6.  The Court disagrees.  A Court is

26  under a continuous duty to confirm whether it has subject matter jurisdiction over an action.  *See*

27  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

28  jurisdiction, the court must dismiss the action.").  As Plaintiff's arguments related to the Corrected

1    Second Amended Complaint make clear that Plaintiff is attempting to eliminate federal-question

2    jurisdiction, the Court will proceed to inquire into whether such subject matter jurisdiction exists

3    in the wake of amendment.

4           Second, and relatedly, Defendant argues that this case is distinguishable from a situation in

5    which all federal claims have been excised and thus federal subject matter jurisdiction dissipates.

6    Dkt. No. 26 at 6.  One component of this alternative argument is now moot: although Plaintiff

7    originally accidentally retained a federal cause of action (under HIPAA) in the Second Amended

8    Complaint, the Corrected Second Amended Complaint removed all mention of HIPAA.  *See* Dkt.

9    Nos. 23, 24.  Thus, Defendant's argument that not all federal claims have been removed no longer

10    applies.

11           The other component of the argument—that Plaintiff's state claims are federal causes of

12    action disguised as state causes in order to avoid federal court—is also rejected.  Specifically,

13    Defendant argues that because Plaintiff's Unruh Act claim is "rooted in a violation of the ADA (or

14    other federal laws)," the federal cause of action is a necessary part of the lawsuit.  Dkt. No. 26 at

15    7.  However, the plaintiff is "the master of the complaint . . . [and] may, by eschewing claims

16    based on federal law, choose to have the cause heard in state court."  *Caterpillar Inc.*, 482 U.S. at

17    398–99; *accord Hunter*, 582 F.3d at 1042 ("Thus, the plaintiff is 'the master of his complaint' and

18    may 'avoid federal jurisdiction by relying exclusively on state law.'" (quoting *Balcorta v.*

19    *Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000))).  And while it is true

20    that "[a] plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law

21    essential to his or her claim or by casting in state law terms a claim that can be made only under

22    federal law," *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citation

23    omitted), it is also the case that "[f]ederal-question jurisdiction over a state-law claim is not

24    created just because a violation of federal law is an element of the state law claim," *Wander v.*

25    *Kaus*, 304 F.3d 856, 859 (9th Cir. 2002).

26           Accordingly, courts in this circuit have considered whether subject matter jurisdiction

27    exists over a complaint stating only an Unruh Act claim that is predicated upon a violation of the

28    ADA and found that "the fact that plaintiff relies in part on ADA violations as the basis for [the]

United States District Court
Northern District of California

1   state law claim[] . . . [was] insufficient to confer federal question jurisdiction." *Rosales v. Re/Max*

2   *LLC*, No. 20-cv-10850, 2020 WL 7480121, at *2 (C.D. Cal. Dec. 18, 2020); *Rodriguez v.*

3   *Genesco, Inc.*, No. 21-cv-1505, 2021 WL 1627693, at *2 (C.D. Cal. Apr. 26, 2021) (collecting

4   cases); *Thurston v. Spectrum Wine Auctions, LLC*, No. 19-cv-01740, 2019 WL 6622844, at *1

5   (C.D. Cal. Dec. 4, 2019) (explaining that "a predicate ADA violation may serve as one avenue for

6   liability under the Unruh Act, but alternate avenues to Unruh Act liability exist as well," such that

7   "no federal question is a *necessary* element of [the] Unruh Act claim, and federal jurisdiction does

8   not attach" (emphasis in original)).  Similarly here, no federal question is a necessary element of

9   Plaintiff's Unruh Act claim on the face of the Corrected Second Amended Complaint, so the Court

10  lacks subject matter jurisdiction over the action as amended.

11          Plaintiff's motion to remand is GRANTED.  The Court hereby orders that this action be

12  REMANDED to the Superior Court of California for the County of Santa Clara.

13          **C.  Motion to Seal Entire Record**

14          Plaintiff seeks an order sealing the entire record in this matter.  *See* Dkt. No. 23 at 4.

15  Defendant opposes the request, arguing that the Declaration of Alyson S. Cabrera has already been

16  sealed and "Plaintiff has not set forth any basis for why the entire case (including the various

17  motions, pleadings, and other filings) should be sealed." Dkt. No. 26 at 9.  In response, Plaintiff

18  reiterates concerns about the declaration and repeats the request for sealing of the entire record,

19  but does not elaborate upon why Plaintiff believes that it is necessary to seal the entire record in

20  this matter.  Dkt. No. 31.

21          Plaintiff has failed to articulate specific, compelling reasons why the *entire* record in this

22  proceeding should be sealed.  In Plaintiff's reply brief, Plaintiff notes that "[t]he reason the entire

23  [case] should be sealed is because that is the only way to eliminate" the threat to Plaintiff's

24  anonymity of document tabs that reveal information related to Plaintiff's identity.  Dkt No. 31 at 7.

25  However, the Court has already sealed the Declaration of Alyson S. Cabrera and redacted various

26  portions of its Order Granting Administrative Motion to Seal, and Denying Motion to Remand,

27  *see* Dkt. No. 18, in order to preserve Plaintiff's anonymity.  Most other documents on the docket

28  do not reveal any information about Plaintiff's identity—for example, none of the unsealed docket

United States District Court
Northern District of California

United States District Court
Northern District of California

1    entries by the Court or by Plaintiff include identifying information.  Accordingly, Plaintiff's

2    identified reason for sealing supports sealing only the documents with identifying information in

3    the document tabs.  It does not support such a broad incursion into the public's right of access to

4    judicial records as entailed when the entire record of a judicial proceeding is sealed.  *See Oliner*,

5    745 F.3d at 1026; *accord Gable v. Washington Corr. Ctr. for Women*, No. 18-cv-05266, 2018 WL

6    5295809, at *2 (W.D. Wash. Oct. 25, 2018) (denying sealing where "plaintiff has not articulated

7    any specific reasons why the entire court record should be sealed").  That said, the Court

8    concludes that preserving Plaintiff's anonymity is a compelling reason in support of sealing those

9    documents that do include identifying information about Plaintiff, since Plaintiff is a protected

10   person under California law.

11          Accordingly, Plaintiff's motion to seal is GRANTED IN PART AND DENIED IN PART.

12   The Court hereby ORDERS the following documents sealed, in light of the fact that Plaintiff's

13   identifying information appears in the document tab: Dkt. No. 1; Dkt. No. 2; Dkt. No. 6; and Dkt.

14   No. 7.

15          **D.  Motion to Shorten Time and for Legal Advice**

16          Plaintiff submitted two new filings on April 1, 2025, each styled as a "Stipulation and

17   [Proposed] Order," although neither included a signature or any apparent input from Defendant.

18   *See* Dkt. Nos. 32, 33.  Indeed, both documents mention that the "Parties have engaged in very

19   short and not yet agreed to mutual consent," suggesting that the filings are *not* joint stipulations.

20   Dkt. Nos. 32 at 2, 33 at 2.  Both filings indicate that Plaintiff seeks an order shortening time for

21   the hearing on the motions scheduled for May 29, 2025, *see* Dkt. Nos. 32 at 1, 33 at 1, and both

22   filings also state variations on the following question: "Is C.C.P. 367.3 enforceable when a party

23   removes a case from state to Federal Court after violating it first in the Federal Removal Notice

24   and then violating it with a new document filed in the state, which no longer has jurisdiction in the

25   case, so the defendant deliberately violates it in Federal Court? Can the defendant continue to

26   violate the state law with impunity?"  Later on in both filings, Plaintiff writes that Plaintiff wishes

27   for the undersigned to "instruct the parties of risk of sanctions and what those might entail."  Dkt.

28   Nos. 32 at 2–3, 33 at 2–3.  Defendant did not file a response to the April 1 filings.

United States District Court
Northern District of California

1    The Court construes both filings as (1) a motion to shorten time, and (2) a request for legal

2    advice regarding a provision of California law.  First, in light of the preceding sections of this

3    Order—which resolve Plaintiff's pending motion to file an amended complaint, motion to remand,

4    and motion to seal the entire record—Plaintiff's motion to shorten time is DENIED AS MOOT.

5    The hearing dates have been vacated.  Second, Plaintiff's request for legal advice is improper.

6    "[T]he federal courts established pursuant to Article III of the Constitution do not render advisory

7    opinions." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947).  Instead,

8    federal courts resolve "real and substantial controvers[ies] admitting of specific relief through a

9    decree of a conclusive character, as distinguished from an opinion advising what the law would be

10   upon a hypothetical state of facts." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 242–

11   43 (1952).  Moreover, "[t]he United States Supreme Court has concluded that district judges have

12   no obligation to act as counsel . . . to pro se litigants, because requiring federal district judges to

13   . . . act as a pro se litigant's counsel would undermine district judges' role as impartial

14   decisionmakers." *Tosic v. Blakemore-Tomason*, No. C23-0619, 2023 WL 3338254, at *1 (W.D.

15   Wash. May 10, 2023), *recon. denied*, No. C23-0619, 2023 WL 4054272 (W.D. Wash. May 16,

16   2023) (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004), and *Jacobsen v. Filler*, 790 F.2d 1362,

17   1365–66 (9th Cir. 1986)) (internal alterations and quotations omitted); *accord Villa v. Simmons*,

18   No. 22-cv-00579, 2023 WL 9421129, at *1 (C.D. Cal. Mar. 1, 2023) ("To the extent plaintiff

19   requests that the Court provide legal advice, the Court may not do so.").

20   In short, the Court cannot provide Plaintiff with legal advice, either regarding section

21   367.3 of the California Code of Civil Procedure or otherwise.  The Court has previously directed

22   Plaintiff to the Federal Pro Se Program, which is a free program offering limited legal services and

23   advice to parties who are representing themselves.  Additional information about the Federal Pro

24   Se Program is available at http://cand.uscourts.gov/helpcentersj.

25   Federal Pro Se Program
     United States Courthouse
26   280 South 1st Street 2nd Floor, Room 2070
     San Jose, CA 95113
27   Monday to Thursday 9:00 am – 4:00 pm

28

1

**IV.    ORDER**

2

For the foregoing reasons, IT IS HEREBY ORDERED that:

3

1.  Plaintiff's motion to file the Corrected Second Amended Complaint (Dkt. Nos. 23, 24)

4

is GRANTED;

5

2.  Plaintiff's motion to remand based upon the Corrected Second Amended Complaint

6

(Dkt. Nos. 20, 23) is GRANTED;

7

3.  Plaintiff's motion to seal the entire record (Dkt. Nos. 20, 23) is GRANTED IN PART

8

AND DENIED IN PART; and

9

4.  Plaintiff's motion to shorten time and for legal advice regarding Cal. Code Civ. Proc.

10

§ 367.3 (Dkt. Nos. 32, 33) is DENIED.

11

12

**IT IS SO ORDERED.**

13

14

Dated:  April 7, 2025

15

_____

16

BETH LABSON FREEMAN
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

11