1   DOE #1400
2   P.O. Box 1198
    Sacramento, CA 95812
3   Telephone: 530-539-4423

4   PRO SE

**FILED**

**APR 28 2025**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

8           UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10               SAN JOSE DIVISION

| | |
|---|---|
| DOE #1400, | Case 5: 24-cv-09359-BLF |
| | |
| Plaintiff, | REQUEST SHORTENED TIME TO RECONSIDER THE DENIED MOTION TO SEAL ALL OF THE RECORDS FOR CASE NUMBER ABOVE; |
| vs. | REQUEST PERMISSION BY ORDER TO USE THE SEALED (REDACTED VERSION) OF THE TWO SEALED DOCUMENTS IN THIS CASE FOR ENFORCEMENT OF 367.3 IN THE CALIFORNIA SUPERIOR COURT |
| Stanford Health Care, and DOES 1-50, inclusive | |
| Defendants | URGENT DUE TO ONGOING RISK OF HARM |
| | "Action based on Code of Civil Procedure Section 367.3" |

- 1 -
REQUEST SHORTENED TIME TO RECONSIDER THE DENIED MOTION TO SEAL

1         1. I am a Safe At Home Participant. As such I am protected from being identified in

2    California Superior Courts, as shown on the Confidentiality Form SH-001, that is the first

3    document I supply any time I file anything. The form includes instructions as to what a party

4    who receives such a form should do and *not* do.    Stanford Health Care did everything wrong

5    with it, willfully and recklessly and has caused harm from which the Plaintiff has still not

6    recovered.  I am still reeling from the experience and this has put every facet of my life on

7    hold to the severe detriment that is incomprehensible to me – they are violating legal ethics

8    and medical ethics, and now have done it in this Court despite my efforts to fix it.

9    **FIRST VIOLATION OF STATUTE 367.3**

10         2. On December 23, 2024 at 4:18 PM, Stanford Health Care filed a Notice Of

11    Removal to Federal Court from California Superior Court by a "snap removal", which was

12    assigned case number 5:24-cv-09359-BLF. Despite having been properly served the SH-001

13    with the California Complaint, complete with explicit instructions how to use the form

14    properly, they decided not to do that.  Instead, they violated statute 367.3 in a reckless and

15    willfully egregious manner with complete disregard for the Law, and the State, and more

16    importantly, they violated the Plaintiff's entirety by inflicting unfathomable harm, which has

17    not abated since December 23, 2024. Violations of 367.3 call for sanctions under that

18    Statute. I have provided the exhibits in earlier pleadings showing what I see when I look at

19    the case files in the only way I can see them, and they reveal too much. The State instances

20    aren't Federal Statutes but there are rules as to E-filing and corrections though Stanford

21    Health Care did not write a correction because they intended to say exactly what they said.

22    **SECOND VIOLATION OF STATUTE 367.3**

23         2. It would be improper for Stanford Health Care to then return to the Superior Court

24    to file anything but a copy of the Notice. But they did it anyway. They E-filed the Notice in

25    the State, at 6:49 PM on December 23, 2024, while using the same tactics there as was done

26    in this Federal Court: publishing on the internet what they should not have published, as it's

27    a violation of 367.3 (and violates several other California State privacy statutes). This seems

28    to be the type of tactic that falls under the auspices of "gamesmanship" – this is merely a

REQUEST SHORTENED TIME TO RECONSIDER THE DENIED MOTION TO SEAL

1  game to Stanford Health Care, and they have been playing it with me, using it to deny me

2  reasonable accommodations since October 20, 2021. When they hit the "enter" button to

3  launch the Removal notice in this court, they committed a second violation of Statute 367.3.

4  And now I am helpless to make a complaint in all of the California agencies that uphold

5  numerous privacy laws. I need to request that you allow me to use the redacted form, so that

6  I can redact everyhing except the excuses offered for the offense. They know now, and are

7  now filing other papers, oblivious to the harm that is still occurring due to their negligence.

8                    **THIRD VIOLATION OF STATUTE 367.3**

9  After filing the Notice, Stanford Health Care then proceeded to file another paper in the

10  California Court, *after* the case had been removed. California Court had no jurisdiction over

11  the matter. Timing is everything. Once the Removal was filed, the case was (as told to me

12  by the manager of the Clerks) "dead". I was not allowed to have it sealed or dismissed. I

13  was not allowed to make a motion or even speak to a California Judge about the matter. At

14  this point, what should be dead is the "Answer". Stanford Health Care killed it on 6:49 PM ,

15  2 12 hours after killing in on 4:18 PM earlier that day, December 23 2024. They have never

16  disputed the allegations fact by fact. They have never served me their answer, and they

17  wasted months of my life toying with the Federal Court.  This is not a game to me. I am not

18  a "gamesmanship" expert but once they started referring to "forum shopping" and being a

19  "moving target" I looked those terms up and those are the exact "games" they were playing,

20  without explaining to me how that game is supposed to go. I'm dying here, I don't have time

21  for games. I also don't think I should have to surrender my name to appease Stanford Health

22  Care's adamant progression undoing me, piece by piece. First they ousted me from the

23  LGBTQ+ Clinic. They are making their way across the bay and they instilled the same

24  formula in the liver clinic that they used in Palo Alto – "if we just ignore them, they will go

25  away." So here we are. I have no meaningful medical providers or specialists at Stanford,

26  and they are merely just keeping score. That's what the MELD score is for. To predict my

27  demise. I have been told flat out that I m not going to get a transplant from Stanford Health

28  Care, a multi-billion dollar "non profit" entity. And you have been put in the position of

1    having to guess at a lot of facts because I am afraid to put so many facts out there that the

2    inevitable horrible consequences could occur. So much damage has already been done, and I

3    am trying to pick up the pieces of my life thanks to Stanford. Apparently Stanford carries a

4    lot of weight in every corner of the County. I am one person who has *not gone away,* and I

5    will not until I'm dead. I can imagine when this case came your way, it must have seemed so

6    simple to adjudicate. Federal question, yes or no. But then on December 27, 2024, the real

7    reason for removing the case became apparent, and I didn't know it. The reason I didn't

8    know it is because nothing was ever served on me. And I still have not had anything served

9    by Stanford Health Care in either court. I put 5,000 miles on my car tilting at windmills

10   because I had to "guess", and write a response before ever getting to your Court to see what

11   they filed, and write an opposition paper before getting behind the wheel for the grueling

12   ride, hundreds of miles, because I am cognitively incapable of using E-File. But when this

13   all began, when I first found your Court and how to obtain copies of things I could only

14   guess at, the immediate threat was the first document that you sealed. It was handed to me

15   for the price of 50 cents per page. Anyone with a Pacer account, and other aggregate sites,

16   had that information out there and it's still out there unless you seal them. I was trying to

17   keep my name private, as is allowed for SAH participants in the State. If one reads the

18   instructions on the form, and does a little bit of digging, the entire body of legislation

19   regarding how to file and serve a participant and what not to do to stay out of the sanctions

20   box is all there for everyone to see. It is published on the internet for everyone. And now

21   my full name, half of my signature, and medical conditions including co-morbidities that

22   make me seem frail and vulnerable were used in your Court. To terrorize me. And it is still

23   out there. On your docket. Which is why I need to show someone in person, using my

24   personal laptop, to demonstrate how my name is still public on the tabs. I'm sure many

25   people have equally decrepit laptops, most of them not out of necessity due to failure to adapt

26   to new technologies. I have tried to look at the case file in the Clerk's office using their

27   Pacer access, and the offense does not show up because your computers there seem to be

28   limited to only Pacer access, and no google or other outside search engines. If you see it on

- 4 -
REQUEST SHORTENED TIME TO RECONSIDER THE DENIED MOTION TO SEAL

1  my laptop using your wifi, then you may understand.  The only way to get rid of the name is
2  to seal it or expunge it.  Your E-file website says this:

3      "Redacting Sensitive Information

4      There are a number of circumstances in which documents should be redacted to

5      remove confidential information before e-filing.  Federal Rule of Civil Procedure 5-2,

6      for example, restricts the filing (either e-filing or manual filing) of certain personal

7      data to:

8  •     Last 4 digits of a social-security or taxpayer ID number;

9  •     Year of an individual's birth (not month or day);

10 •     Minor's initials;

11 •     Last 4 digits of a financial-account number.

12     Other types of information appropriate for redaction include:

13 •     Medical information;

14 •     Trade secrets;

15 •     Informant names;

16 •     Sensitive security information;

17 •     Other forms of unique identifiers" etc."

18     As for "Medical information" and "sensitive security information" and "Other forms
19 of unique identifiers" immediately spring to my mind as requiring redacting.  Because they
20 tied my name to the medical records that I redacted for privacy before submitting to the State
21 Court; Stanford ignored it.  I'm sure you know this but I am not sure Stanford Health Care
22 understands.  California has even more privacy for protected persons, but in order to make
23 this plainly evident in California I need to be able to use the redacted docket items, with
24 almost everything redacted except the reasons behind the violations.  There are unsealed
25 documents.  And not to rush your Court, but the calendar days are flying by and I still have
26 never received a service of process in the manner that is prescribed for SAH partipants.  I do
27 not feel safe.  I am not an attorney, but I could be prosecuted like one, for dispensing
28 unlicensed legal advice if I did give legal instruction on or advise about how to serve process.

REQUEST SHORTENED TIME TO RECONSIDER THE DENIED MOTION TO SEAL

4. The fact that the violation first occurred in the Federal Courthouse does not seem to give Stanford Health Care immunity in the fact that they violated a state law in a Federal Court. The perceived intent of the filing by Stanford Health Care was to intimidate, harass, annoy, instill fear, and otherwise try to win a dismissal by fright alone. Stanford Health Care is not so "separate" from the Attorneys they hired to do this job. This is the same law firm who Stanford Health Care hired to drag the "interactive process" out for two years just to get to the finish line where I would have no rights as any other patient, or an LGBTQ patient, or an elderly patient, or a disabled patient. Also, after working me over for two years, it is a violation of attorney ethics to allow themselves to litigate a case they knew they would be called upon to testify by the Plaintiff as to the manner of their persistent delay and bad faith. Stanford Health Care hired them to make me disappear in the guise of "interactive process" and they hired them to make me disappear in the Federal Court, and if Stanford Health Care's officers did not sit down and discuss the matter of the methods, they could be victims of legal malpractice. It is my belief that not only did Stanford Health Care know the "gamesmanship" tactics the outside counsel uses, but I believe they counted on it. That would make them complicit in this willful and reckless course. I cannot believe that the same company that sat down with the LGBTQ+ Clinic Manager, the Risk Management officer, the General Counsel and the Operations Director to decide my fate in refusing to grant me any useful communication is the same company that let their outside counsel out without a leash of any kind. It seems they spent more time together in 2022 while deciding to deny me any kind of meaningful communications system than they spent deciding who to hire in response of a Superior Court complaint. I am sure Michael Bruno and company did not volunteer or take the job on a "pro bono" basis so as to hone their craft of gamesmanship. There is also a perception in my mind, of this being a Vendetta in the case with Michael Bruno. Since he has apparently made it his personal mission to oust me as a patient, dead or alive. Here is what it says on the instructions on the Confidential Form, on page 2, point #1,

"1. The Safe at Home program is an address confidentiality program run by the Secretary of State. Parties who are active participants in that program may use a pseudonym

REQUEST SHORTENED TIME TO RECONSIDER THE DENIED MOTION TO SEAL

1  (Jane Doe, John Doe, or Doe) in place of the party's true name in a civil action. (Plaintiffs or

2  petitioners who do this must state on the front of the complaint "ACTION BASED ON

3  CODE OF CIVIL PROCEDURE SECTION 367.3.") Pseudonymous parties may also

4  exclude or redact (black out) other identifying characteristics (defined below) from all

5  pleadings and documents they file, and instead provide that information confidentially to the

6  court and other parties using this form. (See Code Civ. Proc., § 367.3(b)(1).) In such cases,

7  papers filed by other parties in the case also must be worded so as to protect the name or

8  other identifying characteristics of the Doe party from public revelation, or have that

9  information redacted (blacked out on the document). Any intentional violations of this law

10  are subject to sanctions. (See Code Civ. Proc., §367.3(b)(2).) "Identifying characteristics"

11  that the party using the pseudonym may and all other parties must redact include name or any

12  part thereof, address or any part thereof, city or unincorporated area of residence, age, marital

13  status, relationship to any other party, race or ethnic background, telephone number, email

14  address, social media profiles, online identifiers, contact information, or any other

15  information from which that party's identity can be discerned, including images of the party

16  using a pseudonym. (Code Civ. Proc., § 367.3(a)(1).) (See Code Civ. Proc., § 367.3(a)(2) for

17  a list of "online identifiers.") This form must be served and filed each time a party uses a

18  pseudonym (a Doe name) in place of that party's name in a court document, with items 2 and

19  3 completed to provide the court and other parties with the Doe party's true name, and item 4

20  completed if there are other identifying characteristics redacted or blacked out from the

21  document. A party using a pseudonym must also sign and date the declaration above,

22  confirming active participation in the Safe at Home program. All parties and other persons

23  must also serve and file this form any time they file a document in a case with identifying

24  characteristics redacted or blacked out. Counsel for a party filing under a pseudonym may

25  use the pseudonym for the name of the represented party in the attorney or party information

26  box at the top of this form and any documents filed later.CONFIDENTIAL INFORMATION

27  FORM UNDER CODE OF CIVIL PROCEDURE SECTION 367.3 1  Stanford had to well

28  aware that they exposed information that is not to be published.  If they did not know on

REQUEST SHORTENED TIME TO RECONSIDER THE DENIED MOTION TO SEAL

1  December 23, 2024, they certainly were informed by filings in the Federal Court exactly the

2  nature of the problem.  They violate State and Federal Rules, they trounce all over legal

3  ethics – basically it seems there is nothing preventing them from disclosure of my residence

4  addresss and the date and time of my next Stanford Specialist upcoming appointment to meet

5  me at the door.  So, their filing after the case was "dead" in the State Court while I was not

6  allowed the same privilege, to complain of the use of my name, and Stanford Health Care

7  never contacted the Superior Court to say, "Hey, we may have made a little mistake".  It's

8  too late for that.  My entire life has been disrupted by their "tactics".  Their violation of 367.3

9  clearly states that these acts call for Sanctions to be implemented for "reasonable monetary

10  sanctions to the court or an aggrieved person, or both, for failure without good cause to

11  comply with the applicable rules" per C.R.C. Rule 2.30.  Your Court can only impose

12  sanctions on the improprieties that occurred in your Court, an as they were not mentioned in

13  your orders, I must pursue that in the Superior Court level.  I will be submitting essentially

14  the same paper as this one, with a few changes.  See Exhibit A that shows the tabs still

15  displaying my name.

16       WHEREFORE,

17       Plaintiff asks for my costs of fending off the Removal;

18       I ask that Defendant gain nothing from its failed action;

19       Sanctions if applicable to this Federal case;

20       An in-person hearing to show how my name continues to show up in this case;

21       If there is no way to eliminate it except by seal or dismiss with prejudice then please

22       do so, but please state for the record that I have been given leave to use the defense to

23       it without displaying the entire contents of the documents.

24

25       I, DOE #1400, state under penalty of perjury under the laws of the State of California

26  that the foregoing is true and correct.

27  Date: _4/28/2025_            Signature___Doe #1400_____

28                               Pro Se

REQUEST SHORTENED TIME TO RECONSIDER THE DENIED MOTION TO SEAL