**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DOE #1400,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STANFORD HEALTH CARE,<br><br>　　　　Defendant. | Case No. 5:24-cv-09359-BLF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; AND TERMINATING MOTION TO SHORTEN TIME AND MOTION TO USE DOCUMENTS IN STATE COURT**<br><br>[Re: Dkt. Nos. 37, 38] |

Before the Court is pseudonymous Plaintiff Doe #1400's motion for reconsideration of this Court's order denying Plaintiff's motion to seal the entire record in this proceeding. Dkt. Nos. 37, 38. Plaintiff also moves for an order shortening time on the reconsideration motion, as well as an "order to use the sealed (redacted version) of the two sealed documents in this case for enforcement of 367.3 in the California Superior Court." Dkt. No. 37 at 1.

For the following reasons, the Court DENIES Plaintiff's motion for reconsideration and TERMINATES Plaintiff's motion for an order shortening time and Plaintiff's motion for an order regarding use of certain documents in state court.

**I.　BACKGROUND**

Plaintiff Doe #1400 initially filed suit against Stanford Health Care ("SHC") and Doe defendants on September 3, 2024. Dkt. No. 1-1, Exhibit A to Notice of Removal of Action Under 28 U.S.C. § 1441(b), at 2, 5. Following Plaintiff's amendment and subsequent service on SHC, SHC filed its Answer and removed the action to this Court. *Id.* at 2, 15, 27; Dkt. No. 1, Notice of Removal of Action Under 28 U.S.C. § 1441(b); Dkt. No. 1-2, Exhibit B to Notice of Removal of

1  Action Under 28 U.S.C. § 1441(b), at 2. The Parties engaged in motion practice over Plaintiff's
2  request to have the action remanded to the state court, *see* Dkt. Nos. 14, 15, 20, 23, 24, 26, 29, 31,
3  and this Court ultimately issued a remand order on April 7, 2025, Dkt. No. 34. The Superior
4  Court of California for the County of Santa Clara documented its receipt of the remand materials
5  on April 15, 2025. *See* Dkt. No. 36.

6  At the same time as Plaintiff was seeking remand to the state court, Plaintiff also sought to
7  seal the entire record of this proceeding in federal court. SHC opposed the request on the ground
8  that "Plaintiff has not set forth any basis for why the *entire case* . . . should be sealed." Dkt. No.
9  26 at 9 (emphasis added). The Court concurred with Defendant's argument and denied Plaintiff's
10 request to seal the entire record, although the Court did seal all documents in the record that reveal
11 any identifying information about Plaintiff in the body of the document or the digital tab
12 associated with the document. Dkt. No. 34 at 8–9. Plaintiff then brought the present motion for
13 reconsideration. Dkt. No. 37.

**II.     LEGAL STANDARD**

"A district court may seal its records pursuant to its inherent supervisory power over such documents." *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), and *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Accordingly, a district court that has otherwise lost jurisdiction over a case may still reconsider its prior sealing order. *See id.*

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In this district, a Rule 54(b) motion for reconsideration usually must satisfy additional requirements, set forth in Civil Local Rule 7-9(b). Specifically, reconsideration may usually be sought only if one of the following circumstances exists:

> (1) That . . . a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for

>   reconsideration did not know such fact or law at the time of the interlocutory order; or
>   (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>   (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

### III.   DISCUSSION

In the motion for reconsideration, Plaintiff expresses concern that Plaintiff's identifying information—such as Plaintiff's name, signature, and medical conditions—appears publicly on the docket, and, specifically, in the electronic document tabs for certain filings in this case. Dkt. No. 37 at 4. Plaintiff provides an exhibit to demonstrate the issue, which depicts the web previewer for a PDF document filed in this case. Dkt. No. 38, Exhibit A to Plaintiff's Motion for Reconsideration, at 3. In addition, Plaintiff requests to "show someone in person, using [their] personal laptop, to demonstrate how [their] name is still public on the tabs." Dkt. No. 37 at 4.

Plaintiff's motion fails to identify "a material difference in fact or law . . . from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," "[t]he emergence of new material facts or a change of law occurring after the time of such order," or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b). Instead, Plaintiff's motion for reconsideration simply reiterates the same concerns regarding the document tabs that were raised in the previous motion to seal. In response to that motion, the Court determined that preserving Plaintiff's anonymity is a compelling reason in support of sealing, since Plaintiff is a protected person under California law. Dkt. No. 34 at 9. Accordingly, the Court has already sealed all documents that include identifying information about Plaintiff in the digital document tab. *Id.* Prior to that sealing order, the Court had also granted Plaintiff's request to seal the document depicting a portion of Plaintiff's signature. Dkt. No. 17 at 4–5. For clarity, the Court notes that because Plaintiff is a party to the litigation, Plaintiff is still able to open and review those documents in Plaintiff's own browser window. However, that access is unique to Plaintiff, Defendant, and the Court. A general member of the public cannot open or review the document, and thus cannot see Plaintiff's name in the document tab.

1    Because the Court has already sealed the documents at issue and Plaintiff has failed to
2 identify any basis for reconsideration of the Court's denial of the motion to seal the entire record,
3 Plaintiff's motion for reconsideration is DENIED.  The motion to shorten time is TERMINATED
4 AS MOOT.  Likewise, Plaintiff's request for an order permitting Plaintiff "to use the sealed
5 (redacted version) of the two sealed documents in this case" in the state court proceedings is
6 TERMINATED.  Plaintiff does not require permission from this Court to use Plaintiff's own
7 records as Plaintiff wishes.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for reconsideration of the Court's order denying Plaintiff's motion to seal the entire record in this proceeding is DENIED.
2. Plaintiff's motion to shorten time is TERMINATED AS MOOT.
3. Plaintiff's request for an order permitting Plaintiff "to use the sealed (redacted version) of the two sealed documents in this case" in the state court proceedings is TERMINATED.

**IT IS SO ORDERED.**

Dated:  May 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4